IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     Plaintiff,<br><br>     v.<br><br>LIAN NGUYEN PHAM; PHUNG THINGOC DANG; THIAN HIEN NGUYEN; TIEN HIEN NGUYEN; HARRIS COUNTY TAX ASSESSOR-COLLECTOR; PRECIOUS REALTY & MORTGAGE, LLC; MALCOLM D. GIBSON; and GOODLEAP, LLC;<br><br>     Defendants. | CIVIL NO: 4:24-cv-02572 |

## COMPLAINT

The United States of America, pursuant 26 U.S.C. §§ 7401, 7402 and 7403, at the direction of a delegate of the Attorney General of the United States, and with the authorization and sanction of a delegate of the Secretary of the Treasury, brings this civil action (1) to reduce to judgment certain unpaid federal tax liabilities owed by Lian Nguyen Pham; and (2) to enforce the associated federal tax liens against the real property described below. For its complaint, the United States alleges as follows:

### Jurisdiction, Venue, and Parties

1.      Jurisdiction is conferred upon this district court pursuant to 26 U.S.C. §§ 7402(a) and 7403, and 28 U.S.C. §§ 1331, 1340, and 1345.

2.      Venue is proper pursuant to 28 U.S.C. §§ 1391(b) and 1396 because some of the defendants reside in this judicial district; all defendants are residents, or deemed to be residents, of the State of Texas; and the real property at issue is located in this district.

1

3.      Plaintiff is the United States of America.

4.      Defendant Lian Nguyen Pham ("**Taxpayer Pham**") resides in Travis County, Texas. She can be served at 1920 Rinker Ranch Drive, Austin, Texas 78725, or wherever she may be found.

5.      Defendant Phung Thingoc Dang ("**Defendant Dang**") resides in Harris County, Texas, within the jurisdiction of this Court. She is the mother of Taxpayer Pham and spouse of Defendant Tien Hien Nguyen. She can be served at 9810 Madeline Alyssa Ct., Houston, Texas 77025, or wherever she may be found.

6.      Defendant Tien Hien Nguyen ("**Defendant Tien Hien**") resides in Harris County, Texas, within the jurisdiction of this Court. He is the spouse of Defendant Dang. He can be served at 9810 Madeline Alyssa Ct., Houston, Texas 77025, or wherever he may be found.

7.      Defendant Thian Hien Nguyen ("**Defendant Nguyen**") resides in Harris County, Texas, within the jurisdiction of this Court. She is a sister of Taxpayer Pham. She can be served at 5347 Rutherglenn Dr., Houston, Texas, 77096, or wherever she may be found.

8.      Defendant Harris County Tax Assessor-Collector is joined as a party as required by 26 U.S.C. § 7403(b) because she may claim an ad valorem tax lien interest in the property upon which the United States seeks to enforce its liens. She can be served at 1001 Preston St., Houston Texas 77002, or wherever she may be found.

9.      Defendant Precious Realty & Mortgage, LLC is joined as a party as required by 26 U.S.C. § 7403(b) because it may claim an interest in the property upon which the United States seeks to enforce its liens. It is a limited liability company organized and existing under the laws of Texas and can be served via its registered agent, Thoa Kim Nguyen, at 11205 Bellaire Blvd, Suite B #33, Houston, TX 77072.

10.     Defendant Malcolm D. Gibson, Trustee, is joined as a party as required by 26 U.S.C. § 7403(b) because he may claim an interest in the property upon which the United States seeks to enforce its liens. He can be served at 5120 Woodway Drive, Suite 8002, Houston, Texas 77056.

11.     Defendant GoodLeap, LLC is joined as a party as required by 26 U.S.C. § 7403(b) because it may claim an interest in the property upon which the United States seeks to enforce its liens. GoodLeap, LLC recorded a UCC Financing Statement on February 23, 2023, against Defendant Nguyen for all of her "right, title, and interest in the Photovoltaic Solar Energy Equipment or Energy Storage/Batter Equipment." GoodLeap, LLC is a limited liability company organized and existing under the laws of California and registered with the Texas Secretary of State to transact business in Texas. It can be served via its registered agent, CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, TX 75201-3136.

## TAXPAYER PHAM'S TAX LIABILITIES

12.     On the following dates, a delegate of the Secretary of the Treasury made assessments against Taxpayer Pham for federal income taxes and penalties for the tax periods and in the amounts below (collectively, "**the income tax liabilities**"), which have balances due with accruals and costs as of May 3, 2024, as follows:

| Tax Period Ending | Assessment Date | Assessment Type | Amount Assessed | Balance Due 5/3/2024 |
|---|---|---|---|---|
| 12/31/2011 | 11/06/2017<br>11/06/2017<br>11/06/2017 | Tax Assessed<br>Late Filing Penalty<br>Failure to Pay Tax Penalty | $164.00<br>$135.00<br>$41.00 | $320.55 |
| 12/31/2013 | 11/06/2017<br>11/06/2017<br>11/06/2017 | Tax Assessed<br>Late Filing Penalty<br>Failure to Pay Tax Penalty | $848.00<br>$135.00<br>$92.40 | $412.92 |

3

| | | | | |
|---|---|---|---|---|
| 12/31/2014 | 09/11/2017 | Tax Assessed | $1,653.00 | $413.21 |
| | 09/11/2017 | Late Filing Penalty | $146.92 | |
| | 09/11/2017 | Failure to Pay Tax Penalty | $84.89 | |
| 12/31/2016 | 07/03/2017 | Tax Assessed | $1,251.00 | $113,060.80 |
| | 08/12/2019 | Additional Tax Assessed | $56,647.00 | |
| | 08/12/2019 | IRC 6662 Accuracy Penalty | $11,408.00 | |
| | 07/20/2020 | Failure to Pay Tax Penalty | $5,989.41 | |
| | 07/26/2021 | Failure to Pay Tax Penalty | $6,845.04 | |
| 12/31/2017 | 11/19/2018 | Tax Assessed | $68,020.00 | $94,270.41 |
| | 11/19/2018 | Failure to Pay Tax Penalty | $2,281.32 | |
| | 07/29/2019 | Failure to Pay Tax Penalty | $2,281.32 | |
| | 07/20/2020 | Failure to Pay Tax Penalty | $3,421.98 | |
| | 07/26/2021 | Failure to Pay Tax Penalty | $3,421.98 | |
| 12/31/2018 | 06/03/2019 | Tax Assessed | $100,454.00 | $162,730.78 |
| | 06/03/2019 | Estimated Tax Penalty | $2,696.00 | |
| | 06/03/2019 | Failure to Pay Tax Penalty | $1,004.54 | |
| | 07/20/2020 | Failure to Pay Tax Penalty | $13,561.29 | |
| | 07/26/2021 | Failure to Pay Tax Penalty | $10,547.67 | |
| 12/31/2019 | 10/31/2022 | Tax Assessed | $156,262.33 | $191,146.49 |
| | 10/31/2022 | Estimated Tax Penalty | $2,150.89 | |
| | 10/31/2022 | Failure to Pay Tax Penalty | $18,856.74 | |
| 12/31/2020 | 07/04/2022 | Tax Assessed | $137,220.30 | $189,327.08 |
| | 07/04/2022 | Failure to Pay Tax Penalty | $8,890.50 | |
| | 09/12/2022 | Failure to Pay Tax Penalty | $1,372.20 | |

| Total | | | $751,682.24 |
|---|---|---|---|

13.     On the following dates, a delegate of the Secretary of the Treasury made assessments against Taxpayer Pham pursuant to the provisions of 26 U.S.C. § 6672 by reason of her willful failure to collect, truthfully account for and pay over to the United States the trust fund portion of federal income and Federal Insurance Contributions Act ("FICA") taxes withheld from the wages of employees of Royce Group LLC (collectively, "**the trust fund liabilities for Royce Group LLC**") as follows:

| Tax Period Ending | Date of Assessment | Amount Assessed | Balance Due 5/3/2024 |
|---|---|---|---|
| 09/30/2013 | 11/17/2014 | $21,756.40 | $14,978.63 |
| 12/31/2013 | 11/17/2014 | $25,354.97 | $38,909.36 |
| Total | | | $53,887.99 |

14.     On the following dates, a delegate of the Secretary of the Treasury made assessments against Taxpayer Pham pursuant to the provisions of 26 U.S.C. § 6672 by reason of her willful failure to collect, truthfully account for and pay over to the United States the trust fund portion of federal income and Federal Insurance Contributions Act ("FICA") taxes withheld from the wages of employees of Nomadic Management LLC (collectively, "**the trust fund liabilities for Nomadic Management LLC**") as follows:

| Tax Period Ending | Date of Assessment | Amount Assessed | Balance Due 5/3/2024 |
|---|---|---|---|
| 03/31/2019 | 04/26/2021 | $2,015.71 | $2,377.72 |
| 06/30/2019 | 04/26/2021 | $2,352.14 | $2,774.56 |
| 09/30/2019 | 04/26/2021 | $2,161.65 | $2,549.88 |
| 12/31/2019 | 04/26/2021 | $2,839.13 | $3,201.36 |
| 03/31/2020 | 10/11/2021 | $2,838.08 | $3,200.18 |
| 06/30/2020 | 07/31/2023 | $2,432.62 | $2,580.36 |

| Tax Period Ending | Date of Assessment | Amount Assessed | Balance Due 5/3/2024 |
|---|---|---|---|
| 09/30/2020 | 07/31/2023 | $2,413.00 | $2,559.54 |
| 12/31/2020 | 07/31/2023 | $617.98 | $655.51 |
| Total | | | $19,899.11 |

**THE SUBJECT PROPERTY**

15.    The title of the real property upon which the United States seeks to enforce its federal tax liens is currently owned by Defendant Nguyen and Defendant Tien Hien and consists of the land, along with all improvements, buildings, and appurtenances thereon, now known as and numbered 5202 Contour Place, Houston, Texas 77096 ("**Real Property**"). The legal description of the Real Property is as follows:

Lot Twenty-one (21), in Block Twenty-six (26), of Replat "I" of Meyerland, Section Eight (8), a Subdivision in Harris County, Texas according to the map or plat thereof, recorded in Volume 84, Page 64, of the Map Records of Harris County, Texas.

16.    The transfers of title leading to the Real Property currently being owned by Defendant Nguyen and Defendant Tien Hien are detailed in paragraphs 17-21.

17.    By General Warranty Deed recorded in Harris County, Texas, on May 31, 2016, Defendant Dang acquired the Real Property for $710,000.

18.    By General Warranty Deed recorded in Harris County, Texas, on October 5, 2017, Defendant Dang conveyed a one half (1/2) interest in the Real Property to one of her daughters, Taxpayer Pham.

19.    Importantly, on February 4, 2020, a Notice of Federal Tax Lien was recorded with the County Clerk of Harris County, Texas against Taxpayer Pham for the trust fund liabilities for Royce Group LLC and for her unpaid income tax liabilities for tax years 2011, 2013, 2014, 2016, 2017, and 2018. Further, on October 28, 2021, an IRS Revenue Office contacted Taxpayer Pham

6

to inform her of and address her outstanding tax liabilities. Nine (9) days later, Taxpayer Pham conveyed her entire interest in the Real Property back to her mother, Defendant Dang. A General Warranty Deed recorded in Harris County, Texas on November 9, 2021, reflects this conveyance.

20.    By Warranty Deed with Vendor's Lien recorded in Harris County, Texas on February 16, 2022, Defendant Dang, joined by spouse, Defendant Tien Hien, conveyed the Real Property to their other daughter, Defendant Nguyen, for $650,000. The Real Property is secured by a Deed of Trust and note payable of $487,500 to Defendant Precious Realty & Mortgage, LLC.

21.    By General Warranty Deed recorded in Harris County, Texas on August 10, 2023, Defendant Nguyen conveyed the Real Property to herself and Defendant Tien Hien for $10 "and other good and valuable consideration…."

## CHAPTER 7 BANKRUPTCY

22.    On August 31, 2023, Taxpayer Pham filed a Voluntary Petition for Individuals Filing for Bankruptcy under Chapter 7 in Case No. 23-10709-smr in the United States Bankruptcy Court in the Western District of Texas. On February 12, 2024, the Bankruptcy Court entered an Order of Discharge.

23.    While Taxpayer Pham's income tax liabilities for tax years 2016, 2017, and 2018 were discharged, her income tax liabilities for tax years 2011, 2013, 2014, 2019, and 2020 and the trust fund liabilities assessed against her are excepted from discharge pursuant to § 523(a)(1)(A) of the Bankruptcy Code. First, Taxpayer Pham did not timely file income tax returns for tax years 2011, 2013, and 2014, and thus, the returns for 2011, 2013, and 2014 were not "returns" for bankruptcy discharge purposes under 11 U.S.C.S. § 523(a). *See McCoy v. Miss. State Tax Comm'n (In re McCoy)*, 666 F.3d 924, 929-932 (5th Cir. 2012). Second, Taxpayer Pham's income tax liabilities for 2019 and 2020 are excepted from discharge pursuant to 11 U.S.C.

§ 523(a) because her 2019 and 2020 tax returns were due within three years of the bankruptcy filing. *See* 11 U.S.C. § 523(a) & § 507(a)(8)(A). Finally, the trust fund liabilities assessed against Taxpayer Pham under 26 U.S.C. § 6672 are excepted from discharge pursuant to 11 U.S.C.S. § 523(a) and § 507(a)(8)(C).

24.    Further, while Taxpayer Pham's income tax liabilities for tax years 2016, 2017, and 2018 were discharged, the IRS' tax liens detailed in paragraph 40 are valid and non-dischargeable, pass through the bankruptcy unaffected, and remain attached to all property and rights to property of Taxpayer Pham, including exempt property and the Real Property. *See Dewsnup v. Timm*, 502 U.S. 410 (1992); *In re Koppersmith*, 156 B.R. 537, 539 (Bankr. S.D. Tex. 1993) (ruling that "[p]roperly filed tax liens continue against exempt property unaffected by the bankruptcy under 11 U.S.C. § 522(c)(2)(B)."). The discharge entered by the Bankruptcy Court does not affect the validity of the IRS' tax liens. "Exempt real property remains subject to any properly filed tax liens, pursuant to section 522(c)(2)(B)." *Koppersmith*, 156 B.R. at 540.

**COUNT 1**

**JUDGMENT AGAINST TAXPAYER PHAM FOR TAX LIABILITIES**

*Income Tax Liabilities*

25.    The United States seeks to reduce to judgment the assessments below against Taxpayer Pham for federal income taxes and penalties for the tax periods below, which have balances due with accruals and costs as of May 3, 2024, as follows:

| Tax Period Ending | Assessment Date | Assessment Type | Amount Assessed | Balance Due 5/3/2024 |
|---|---|---|---|---|
| 12/31/2011 | 11/06/2017 | Tax Assessed | $164.00 | $320.55 |
|  | 11/06/2017 | Late Filing Penalty | $135.00 |  |
|  | 11/06/2017 | Failure to Pay Tax Penalty | $41.00 |  |
| 12/31/2013 | 11/06/2017 | Tax Assessed | $848.00 | $412.92 |

|  | 11/06/2017 | Late Filing Penalty | $135.00 |  |
|  | 11/06/2017 | Failure to Pay Tax Penalty | $92.40 |  |
| 12/31/2014 | 09/11/2017 | Tax Assessed | $1,653.00 | $413.21 |
|  | 09/11/2017 | Late Filing Penalty | $146.92 |  |
|  | 09/11/2017 | Failure to Pay Tax Penalty | $84.89 |  |
| 12/31/2019 | 10/31/2022 | Tax Assessed | $156,262.33 | $191,146.49 |
|  | 10/31/2022 | Estimated Tax Penalty | $2,150.89 |  |
|  | 10/31/2022 | Failure to Pay Tax Penalty | $18,856.74 |  |
| 12/31/2020 | 07/04/2022 | Tax Assessed | $137,220.30 | $189,327.08 |
|  | 07/04/2022 | Failure to Pay Tax Penalty | $8,890.50 |  |
|  | 09/12/2022 | Failure to Pay Tax Penalty | $1,372.20 |  |
| **Total** |  |  |  | **$381,620.25** |

26.　　The tax liabilities in paragraph 25 are collectively referred to as "**the non-discharged income tax liabilities.**" A delegate of the Secretary of the Treasury gave notice and demand for payment of the non-discharged income tax liabilities to Taxpayer Pham. After the application of statutory interest, penalties, fees, other additions, abatements, payments, and credits, the non-discharged income tax liabilities had a $381,620.25 unpaid balance due of as of May 3, 2024.

27.　　Despite notice and demand for payment, Taxpayer Pham has failed, neglected, or refused to fully pay the non-discharged income tax liabilities.

28.　　Pursuant to 26 U.S.C. § 7402, the United States is entitled to a judgment that Taxpayer Pham is liable to the United States for the non-discharged income tax liabilities totaling $381,620.25 as of May 3, 2024, plus statutory additions, and prejudgment and post

judgment interest thereon at the rates set forth in 26 U.S.C. § 6601, 6621 and 28 U.S.C. § 1961(c), until paid.

### *Section 6672 Trust Fund Employment Tax Liability*

#### *Royce Group LLC*

29.    During the periods ending September 30, 2013, through December 31, 2013, Taxpayer Pham was required to collect, truthfully account for, and pay over the federal employment taxes for Royce Group LLC. Specifically, during these periods, Taxpayer Pham was the Sole Proprietor and Manager of Royce Group LLC; she determined financial policy for Royce Group LLC; authorized the payment of bills and creditors; prepared, reviewed, signed or authorized the transmit of payroll tax returns; authorized payroll; had signatory authority over the accounts of Royce Group LLC; had the authority and ability to disperse corporate funds; and was authorized to make or made Federal Tax Deposits. During these periods, Taxpayer Pham was aware that the withheld taxes of Royce Group LLC were not paid, and authorized payroll and other financial obligations of Royce Group LLC to be paid while the delinquent taxes were increasing. During these periods, Taxpayer Pham willfully failed to collect, truthfully account for, or pay over the federal tax liabilities owed by Royce Group LLC. At the very least, Taxpayer Pham acted with a reckless disregard to a known or obvious risk that trust funds may not be remitted to the United States.

30.    The United States seeks to reduce to judgment the assessments against Taxpayer Pham for the trust fund liabilities for Royce Group LLC as follows:

| Tax Period Ending | Date of Assessment | Amount Assessed | Balance Due 5/3/2024 |
|---|---|---|---|
| 09/30/2013 | 11/17/2014 | $21,756.40 | $14,978.63 |
| 12/31/2013 | 11/17/2014 | $25,354.97 | $38,909.36 |
| **Total** | | | **$53,887.99** |

31.    A delegate of the Secretary of the Treasury gave notice and demand for payment of the trust fund liabilities for Royce Group LLC to Taxpayer Pham.

32.    Despite notice and demand, Taxpayer Pham has failed, neglected, or refused to pay fully the trust fund liabilities for Royce Group LLC. After the application of statutory interest, penalties, fees, other additions, abatements, payments, and credits, the trust fund liabilities for Royce Group LLC had a $53,887.99 unpaid balance due as of May 3, 2024.

33.    Pursuant to 26 U.S.C. § 7402, the United States is entitled to a judgment that Taxpayer Pham is liable to the United States for the trust fund liabilities for Royce Group LLC totaling $53,887.99 as of May 3, 2024, plus statutory additions, and prejudgment and post judgment interest thereon at the rates set forth in 26 U.S.C. § 6601, 6621 and 28 U.S.C. § 1961(c), until paid.

*Nomadic Management LLC*

34.    During the periods ending March 30, 2019, through December 31, 2020, Taxpayer Pham was required to collect, truthfully account for, and pay over the federal employment taxes for Nomadic Management LLC. Specifically, during these periods, Taxpayer Pham was a Member and Manager of Nomadic Management LLC; had signatory authority over the accounts of Nomadic Management LLC; and had the authority and ability to disperse corporate funds. During these periods, Taxpayer Pham was aware that the taxes of Nomadic Management LLC were not paid, and authorized payroll and other financial obligations of Nomadic Management LLC to be paid while the delinquent taxes were increasing. During these periods, Taxpayer Pham willfully failed to collect, truthfully account for, and pay over the federal tax liabilities owed by Nomadic Management LLC. Taxpayer Pham signed the Form 941 for Nomadic Management LLC for the tax periods ending March 30, 2019, and June 20, 2019,

and March 30, 2020, and the Form 941-X[1] for Nomadic Management LLC for the tax period ending September 30, 2019. These tax returns that Taxpayer Pham signed for Nomadic Management LLC show taxes due and owing. At the very least, Taxpayer Pham acted with a reckless disregard to a known or obvious risk that trust funds may not be remitted to the United States.

35.     The United States seeks to reduce to judgment the assessments against Taxpayer Pham for the trust fund liabilities for Nomadic Management LLC as follows:

| Tax Period Ending | Date of Assessment | Amount Assessed | Balance Due 5/3/2024 |
| --- | --- | --- | --- |
| 03/31/2019 | 04/26/2021 | $2,015.71 | $2,377.72 |
| 06/30/2019 | 04/26/2021 | $2,352.14 | $2,774.56 |
| 09/30/2019 | 04/26/2021 | $2,161.65 | $2,549.88 |
| 12/31/2019 | 04/26/2021 | $2,839.13 | $3,201.36 |
| 03/31/2020 | 10/11/2021 | $2,838.08 | $3,200.18 |
| 06/30/2020 | 07/31/2023 | $2,432.62 | $2,580.36 |
| 09/30/2020 | 07/31/2023 | $2,413.00 | $2,559.54 |
| 12/31/2020 | 07/31/2023 | $617.98 | $655.51 |
| Total | | | $19,899.11 |

36.     A delegate of the Secretary of the Treasury gave notice and demand for payment of the trust fund liabilities for Nomadic Management LLC to Taxpayer Pham.

37.     Despite notice and demand, Taxpayer Pham has failed, neglected, or refused to pay fully the trust fund liabilities for Nomadic Management LLC. After the application of statutory interest, penalties, fees, other additions, abatements, payments, and credits, the trust fund liabilities for Nomadic Management LLC had a $19,899.11 unpaid balance due as of May 3, 2024.

---

[1] Form 941-X is a form used to correct errors on a previously filed Form 941.

38.     Pursuant to 26 U.S.C. § 7402, the United States is entitled to a judgment that Taxpayer Pham is liable to the United States for the trust fund liabilities for Nomadic Management LLC totaling $19,899.11 as of May 3, 2024, plus statutory additions, and prejudgment and post judgment interest thereon at the rates set forth in 26 U.S.C. § 6601, 6621 and 28 U.S.C. § 1961(c), until paid.

## COUNT 2
### ENFORCEMENT OF FEDERAL TAX LIENS

39.     Pursuant to 26 U.S.C. §§ 6321 and 6322, as a result of the neglect, refusal or failure by Taxpayer Pham to pay the income tax liabilities and the trust fund liabilities, after notice and demand, federal tax liens arose on the dates of the assessments and attached to all property and rights to property belonging to Taxpayer Pham, including the Real Property.

40.     Additionally, the Internal Revenue Service publicly filed Notices of Federal Tax Lien ("**NFTL**") in accordance with 26 U.S.C. § 6323(f) with the County Clerk of Harris County, Texas regarding the tax liabilities described below on the following dates:

| Type of Tax | Tax Periods Ending | Date NFTL Filed |
|---|---|---|
| Income | 12/31/2011; 12/31/2013; 12/31/2014; 12/31/2016; 12/31/2017; 12/31/2018 | 02/04/2020 |
| Trust Fund liabilities for Royce Group LLC | 09/30/2013; 12/31/2013 | 02/04/2020 |
| Income | 12/31/2019 | 12/01/2022 |
| Income | 12/31/2020 | 08/01/2022 |
| Trust Fund liabilities for Nomadic Management LLC | 03/31/2019; 06/30/2019; 09/30/2019; 12/31/2019; 3/31/2020 | 11/22/2021 |

41. Once a federal tax lien is filed, it continues to attach to a taxpayer's property regardless of any subsequent transfer of the property. *See* 26 U.S.C. §§ 6321-23*; see also United States v. Johnson,* No. 2:12-CV-00097, 2013 U.S. Dist. LEXIS 49476, at *6-7 (S.D. Tex. April 5, 2013) ("There is no question that a tax lien, once it attaches, follows the property and is enforceable against a subsequent transferee.").

42. Pursuant to 26 U.S.C. § 7403, the United States is entitled to enforce the federal tax liens described above against the Real Property by foreclosure sale or other court orders. In particular, the United States is entitled to have the entire Real Property sold in a judicial sale, or by a receiver appointed for that purpose, free and clear of all rights, titles, claims, liens, and interests of the parties, including any rights of redemption, with the proceeds of the sale distributed as follows:

a. first, to pay the costs and expenses of the sale, including any costs and expenses incurred to secure and maintain the Real Property;

b. second, to the Defendant Harris County Tax Assessor-Collector to pay any real estate taxes due and owing that are entitled to priority under 26 U.S.C. § 6323(b)(6);

c. third, to pay any security interest due and owing that is entitled to priority under 26 U.S.C. § 6323(a);

d. fourth, to pay the United States the value of Taxpayer Pham's one-half interest in the Real Property at the time she transferred it back to her mother, which amount will be applied to reduce the income tax liabilities and the trust fund liabilities; and

e. fifth, to the parties as otherwise determined by the Court in accordance with the law.

**PRAYER**

WHEREFORE, the United States of America prays for a judgment determining:

1. Taxpayer Pham is liable to the United States for the non-discharged income tax liabilities totaling $381,620.25 as of May 3, 2024, plus statutory additions, and prejudgment and post judgment interest thereon at the rates set forth in 26 U.S.C. § 6601, 6621 and 28 U.S.C. § 1961(c), until paid;

2. Taxpayer Pham is liable to the United States for the trust fund liabilities for Royce Group LLC totaling $53,887.99 as of May 3, 2024, plus statutory additions, and prejudgment and post judgment interest thereon at the rates set forth in 26 U.S.C. § 6601, 6621 and 28 U.S.C. § 1961(c), until paid;

3. Taxpayer Pham is liable to the United States for the trust fund liabilities for Nomadic Management LLC totaling $19,899.11 as of May 3, 2024, plus statutory additions, and prejudgment and post judgment interest thereon at the rates set forth in 26 U.S.C. § 6601, 6621 and 28 U.S.C. § 1961(c), until paid;

4. The federal tax liens securing the liabilities described in this complaint shall be foreclosed or enforced by other court orders against the Real Property by sale of the entire Real Property in a judicial sale, or by a receiver appointed for that purpose, free and clear of all rights, titles, claims, liens, and interests of the parties, including any rights of redemption, with the proceeds of the sale distributed to the parties as determined by the Court in accordance with the law; and

5. Awards the United States such other and further relief as this Court deems just and proper, including its costs incurred in this action and for any surcharge authorized by 28 U.S.C. § 3011.

DAVID A. HUBBERT
Deputy Assistant Attorney General

*/s Holly M. Church*
HOLLY M. CHURCH
Attorney, Tax Division
State Bar No. 24040691
Department of Justice
717 N. Harwood, Suite 400
Dallas, Texas 75201
(214) 880-2432
(214) 880-9741 (Facsimile)
Holly.M.Church@usdoj.gov

ATTORNEY FOR THE UNITED STATES